**WO**                                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dino Montelongo,                    )     No. CV 05-3271-PHX-MHM (MEA)
                                    )
        Plaintiff,                  )     **ORDER**
                                    )
vs.                                 )
                                    )
Jerry Barker, et al.,               )
                                    )
        Defendants.                 )
_____)

Plaintiff Dino Montelongo, who is confined at the Fourth Avenue Jail in Phoenix, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court denied Plaintiff's motion for the appointment of counsel and dismissed the Complaint with leave to amend.[2] (Docs.# 3, 4.) Plaintiff filed a First Amended Complaint that closely resembles his original Complaint and that fails to correct the deficiencies identified by the Court in its previous Order. (Doc.# 6.) Plaintiff subsequently filed a motion to assign advisory counsel. (Doc.# 7.) The motion to assign advisory counsel will be denied. Further, because Plaintiff has been informed of the deficiencies in his Complaint and given the opportunity to allege additional facts to cure those deficiencies, but has failed to do so, the First Amended Complaint and this action will be dismissed.

/  /  /

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

[2] Plaintiff was granted leave to proceed *in forma pauperis*. (Doc.# 4.)

## I. Appointment of Counsel

Plaintiff asks the Court to appoint him advisory counsel to discuss his action confidentially, to help him understand the Federal Rules of Civil Procedure, and to help him overcome anxiety attacks that are triggered by his fear of public speaking and because he is indigent. (Doc.#7.) As previously explained, appointment of counsel in a § 1983 action is only done in "exceptional circumstances." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. The legal issues involved in this case do not appear to present exceptional circumstances, nor do the reasons provided by Plaintiff warrant the appointment of counsel where the Court has explained the applicable requirements. Plaintiff's motion to assign advisory counsel will be denied.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). However, leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

**III. First Amended Complaint**

In its prior Order, the Court noted that Plaintiff raised claims against investigating officers regarding the investigation and collection of evidence resulting in Plaintiff's arrest and indictment. (Doc.# 4 at 2-4.) The Court informed Plaintiff that *unless* he could demonstrate (1) that his criminal proceedings have been dismissed or that he has been acquitted of the charges, or (2) that his challenges would not call into question his criminal proceedings or convictions and sentences, suit on these claims was barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff was granted leave to file a amended complaint to attempt to make that showing.

In his First Amended Complaint, Plaintiff discusses particular exhibits in his state criminal case and attempts to bolster his contentions that Defendants acted wrongfully. Plaintiff wholly fails to allege or show that his criminal proceedings have been dismissed, that he has been acquitted of the charges, or that his challenges would not call into question his criminal proceedings or convictions and sentences. (Doc.# 6.) Plaintiff, thus, has failed to allege or show that he is not barred under Heck from seeking relief on his § 1983 claims. Having failed to make that showing, this action will be dismissed as barred by Heck.[3] Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's motion to assign advisory counsel is **denied**. (Doc.# 7.)

(2) Plaintiff's First Amended Complaint and this action are **dismissed** as premature under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (Doc.# 6.)

(3) The Clerk of Court must enter a judgment of dismissal of this action without

---

[3] Plaintiff may seek relief on these claims if the charges are subsequently dismissed, he is acquitted or he prevails on appeal or in post-conviction proceedings. For that reason, the Court does not dismiss this action with prejudice. Nevertheless, the dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). See, e.g., Gilliam v. City of Fort Worth, No. 05-10201, 2006 WL 1827569, at *2 (5th Cir. June 26, 2006); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212-13 (10th Cir. 2003); Ring v. Appleton, 93 Fed. Appx. 993 (7th Cir. 2004).

1 prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

2     DATED this 14th day of September, 2006.

_____
Mary H. Murguia
United States District Judge